UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23338-CIV-KMW

JENNIFER INIGO a/k/a JENNIFER INIGO     )
PENA and all others similarly situated under  )
29 U.S.C. 216(b),                              )
                                               )
             Plaintiffs,                       )
                                               )
    vs.                                        )
                                               )
EAST RIDGE RETIREMENT VILLAGE,                 )
INC.,                                          )
JOSEPH KENNETH CORMIER,                        )
                                               )
             Defendants.                       )
_____        )

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND RETALIATION UNDER 29 USC 215(A)(3)[1]**

Plaintiff, JENNIFER INIGO a/k/a JENNIFER INIGO PENA, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this First Amended Complaint against Defendants, EAST RIDGE RETIREMENT VILLAGE, INC., and JOSEPOH KENNETH CORMIER, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant EAST RIDGE RETIREMENT VILLAGE, INC., is a corporation company that regularly transacts business within Miami-Dade County. Upon information and belief,

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading to date. As such, Plaintiff herein amends the Complaint as a matter of course.

the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant JOSEPOH KENNETH CORMIER is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified

at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a marketing coordinator from on or about July 5, 2007 through on or about August 29, 2017.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2017 and is expected to exceed $500,000 for the year 2017.

14. Between the period of on or about July 5, 2007 through on or about May 14, 2017, Plaintiff

worked an average of 52[2] hours a week for Defendants and was paid an average of $25.18 per hourbut was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

15. Between the period of on or about May 15, 2007 through on or about August 29, 2017, Plaintiff worked an average of 52 hours a week for Defendants and was paid an average of $25.18 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.[3]

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be

---

[2] In addition to Plaintiff's regular hours, Plaintiff attended four (4) to five (5) special events per year and was also required to work off-the-clock replying to work emails and work texts at the instruction of her supervisors.

[3] Plaintiff was paid an occasional, minimal, substandard overtime payment, for an average of two (2) overtime hours per week but, under information and belief, Plaintiff's time sheets were altered to show either no overtime or two (2) hours over overtime when Plaintiff was working an average of twelve (12) overtime hours per week. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week, minus any payments she may have received as reflected on her paystubs.

proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II: RETALIATION UNDER 29 USC 215(A)(3)

COMES NOW PLAINTIFF, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-16 above and further state:

17. On August 23, 2017, Plaintiff informed Defendants, by and through their agent, one of Plaintiff's immediate supervisors, Hoppy Sell, that her overtime hours were being altered by the Defendants to reflect either no overtime or a minimal amount of overtime and that she was not being properly paid for her overtime hours worked as required by the law. Defendants, by and through their agent, Hoppy Sell, explained to Plaintiff that he would investigate the accusations and report back.

18. On August 29, 2017, the Defendants, by and through their agent Hoppy Sell, terminated the Plaintiff's employment without explanation after approximately ten (10) years of employment with Defendants.

19. Defendants' motivating factor (as evidenced by the temporal proximity between the service of the overtime claim and the discrimination) in relation to the said termination was Plaintiff's act of asserting a claim for overtime wages.

20. The said termination as discussed above, is in direct violation of 29 U.S.C. 215 (a)(3), because the motivating factor was Plaintiff's demand for her legally mandated wages and, as a result, Plaintiff has been damaged.

Wherefore Plaintiff requests judgment against the said Defendants, jointly and severally, attorney's fees, costs, interest, back wages and double or liquidated back wages from the date of the discharge up to and including the date of trial, promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, damages for emotional distress, humiliation, and pain and suffering, front wages until the Plaintiff reaches the age of 65 and all other damages recoverable by law.  *The Plaintiff request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121